IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| SANDRA TORRES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 4:11-cv-4270-LSC |
| ) | |
| CAROLYN COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF OPINION

### I.   Introduction

The plaintiff, Sandra Torres ("Plaintiff"), proceeding *pro se*, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Survivor's Insurance Benefits ("SIB"). Plaintiff timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

On January 8, 2009, Plaintiff filed an application for widow's insurance benefits as a surviving divorced spouse of wage-earner/insured John Marchlowska ("the insured"), who died on December 5, 2001 in New York. (Tr. at 10.) On her

application for SIB as a divorced widow of the insured, Plaintiff stated that she married the insured in October 1962 and that the marriage ended by a Mexican divorce in October 1963. (Tr. at 14.) She additionally stated that she remarried on three separate occasions: first, to Robert DiPietro in February 1964, ending in divorce in January 1966; second, to Frank Umbrecht in January 1971, ending in divorce in January 1972; and finally, to Chris Korovessi in January 1973, ending in divorce in January 1976. (*Id.*) Plaintiff further stated in her SIB application that the insured remarried in January 1965, and that marriage ended in divorce in January 1986. (*Id.*)

The Social Security Administration ("SSA") denied Plaintiff's application on the grounds that she had not been married to the insured for the minimum ten (10) years required to qualify for SIB as a divorced widow. (Tr. at 21.) Plaintiff requested reconsideration, arguing that the Mexican divorce from the insured was invalid under New York law, and that she was therefore still the insured's wife.  (Tr. at 24.) The SSA again denied her application on the alternative grounds that either 1) the divorce was valid under New York law, or 2) that Plaintiff was estopped from challenging the validity of the divorce because both she and the insured had remarried other people in reliance on the divorce. (Tr. at 27-28.)

Plaintiff appealed the SSA's decision to an administrative law judge ("ALJ").

During the hearing before the ALJ, Plaintiff again argued that her divorce from the insured was invalid, and that she was therefore still married to him. (Tr. at 42.) Plaintiff testified at the hearing that she was unsure about the marriage and divorce dates that she had provided in her initial SIB application, and that she had estimated the dates at the time of the application because she could not remember them. (Tr. at 52.) The ALJ ruled that Plaintiff was not validly married to the insured for the requisite ten years required to qualify for benefits, and noted that even if her divorce from the insured was invalid, she was estopped from denying its validity because she had remarried. (Tr. at 11.)

Plaintiff's request for review of the ALJ's decision by the Appeals Council was denied, (tr. at 3), and this appeal followed. On appeal to this Court, Plaintiff proceeds *pro se*, and has not filed a brief. Plaintiff has instead filed a letter detailing her experiences with the SSA and reiterating her contention that she remains legally married to the insured, and is thus due benefits, because the divorce procured in Mexico is invalid. (Doc. 9 at 1.)

## II.   Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is

substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to

apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.  Discussion

An individual may qualify for survivor's insurance benefit payments if she is either a widow (as defined in 42 U.S.C. § 416(c)) or a surviving divorced wife (as defined in 42 U.S.C. § 416(d)) to an insured decedent. Plaintiff's initial application for benefits indicated her marriage to the insured began on October 6, 1962, and ended by divorce on October 1, 1963. (Tr. at 14). Her initial application was treated as an application for benefits as a divorced wife. (Tr. at 21). On appeal, Plaintiff contends that her divorce from the insured was not valid, and therefore her claim is for benefits as a widow to the insured and not as his surviving divorced wife. If Plaintiff is entitled to benefits as the insured widow, she would also meet the requirements for benefits as a surviving divorced wife. *See* 42 U.S.C. § 416(c); 42 U.S.C. § 416(d). Accordingly, this Court continues to treat Plaintiff's application as an application for benefits as a surviving divorced wife.

In holding that Plaintiff is not entitled to SIB because she was not validly married to the insured for the requisite period of ten years, the ALJ applied the correct legal standards, and substantial evidence in the record supports his decision. To

qualify for widow's insurance benefits as a surviving divorced spouse, an individual must have been validly married to the wage-earner/insured for at least ten years before the divorce became final. 20 C.F.R. § 404.336. The validity of the putative spouse's marriage is governed by the laws of the state where the insured was domiciled at time of death. 42 U.S.C. § 416(h)(1)(A)(I); 20 C.F.R. § 404.345. Because the insured was a resident of the State of New York at the time of his death, the law of New York governs with respect to the duration of Plaintiff's marriage to the insured. (Tr. at 55.)

In New York, a divorce decree is invalid and void if obtained in a foreign country upon the *ex parte* petition of a spouse who is present but not domiciled in that country where the defending party is not present and has not been served with process. *Rosenbaum v. Rosenbaum*, 309 N.Y. 371, 376 (N.Y. 1955) (holding that plaintiff was not entitled to an injunction to restrain her husband from prosecuting a Mexican divorce action because the divorce action was a "clear legal nullity" where neither party was domiciled in Mexico). Plaintiff indicated in her application for benefits that her divorce from the insured occurred in Mexico, and that she had been told that the divorce was invalid, but she did not at that time provide any explanation as to why the divorce would be invalid. (Tr. at 14-15.) In her request for a hearing by an ALJ, Plaintiff explained that she had not appeared at the divorce proceeding in

person nor through an attorney. (Tr. at 30.) Asuming these facts to be true, Plaintiff's divorce from the insured would be void under New York law because it was procured upon the *ex parte* petition of the insured, who was domiciled in New York at the time. 309 N.Y. at 376.

However, where a person enters into a second marriage, there is a presumption in favor of the second marriage over a preceding marriage. *Fishman v. Fishman*, 368 N.Y.S.2d 756, 758 (App. Div. 1975). This presumption is rebuttable, but the burden of proof is upon the party asserting the continuing validity of the first marriage. *Id.* Moreover, this presumption is said to be among the strongest in New York law. 45 N.Y. Jur. 2d Domestic Relations § 72; *Shepard v. Shepard*, 47 N.Y.S.2d 947 (Sup. Ct. 1944) *aff'd* 47 N.Y.S.2d 624 (App. Div. 1944). Plaintiff bore the burden of overcoming this strong presumption, but presented no evidence, other than her own (often inconsistent) testimony, that her divorce from the insured was invalid.

For example, in her application, Plaintiff reported that she married the wage earner on October 6, 1962, and the marriage ended in divorce on October 1, 1963. (Tr. at 14.) Plaintiff also reported that she then married another individual on February 13, 1964, and that marriage ended in divorce in 1966. (Tr. at 14.) She also reported she married a third time to a different individual in 1971, with that marriage ending by

divorce in 1972, and she married a fourth time in 1973, with that marriage ending by divorce in 1976. (Tr. at 14.) Plaintiff ultimately affirmed that all the information she provided in her application was true. (Tr. at 15.) Plaintiff also testified under oath that she married another individual in 1968. (Tr. at 52, 54.) Plaintiff also testified that her second marriage ended in either 1971 or 1972, and she married a third individual "right afterwards." (Tr. at 54.) Plaintiff, who was represented at her hearing, did not at any point indicate that either her second or third marriage was invalid due to any procedural deficiency with the marriage licenses she obtained for either marriage. Plaintiff failed to provide any evidence or relevant legal authority to support her most recent assertions in her complaint regarding the validity of her divorce from the wage earner in 1963 or the timing and validity of her second, third, and fourth marriages. (Doc. 1, at 1-2.) In fact, Plaintiff admitted she obtained a New Jersey marriage license in 1968 with another individual. (Doc. 1, at 2.) Although Plaintiff asserted the individual she married in 1968 was "in parole and not allowed to marry," (doc. 1, at 2), Plaintiff failed to cite any evidence or authority showing the individual she married in 1968 was actually legally precluded from entering into that marriage or that New Jersey issued the marriage license in conflict with its own rules.

      The ALJ relied on Plaintiff's own statements that she affirmed to be true in

determining that she was not validly married to the insured for ten years. Plaintiff has not subsequently presented any evidence to support her uncorroborated allegations that her second marriage (or her third or fourth marriages) was legally deficient. This Court may not re-weigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990); *Baker o/b/o Baker v. Sullivan*, 880 F.2d 319, 321 (11th Cir. 1989). The Commissioner's factual findings are conclusive if supported by substantial evidence. *See Martin*, 894 F.2d at 1529; *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987).

Moreover, the ALJ correctly stated the law when he noted that Plaintiff would be estopped from challenging the validity of her divorce, even if he she had proven it to be invalid, because she had remarried in reliance on the divorce. (Tr. at 11.) A party may be estopped from challenging the validity of a foreign divorce decree if the party remarries in reliance on the decree's validity. *Carbulon v. Carbulon*, 293 N.Y. 375, 377-78 (N.Y. 1940) (holding that the plaintiff "could not . . . assert that the marriage relation . . . remained unaffected by the foreign decree and at the same time assert that she had the legal capacity to marry another"); *Capalbo v. Capalbo*, 549 N.Y.S.2d 794,

795 (N.Y. App. Div 1990) (holding that a husband who relied on a Mexican divorce decree by remarrying was estopped from challenging the validity of the decree more than 20 years later).  The principles supporting application of estoppel are more strongly present where a party challenges the validity of a divorce for the purpose of asserting some collateral rights incident to the marital status, rather than for the purpose of establishing marital status. *Packer v. Packer*, 179 N.Y.S.2d 801, 804 (App. Div. 1958) (noting that although a mail-order divorce from a foreign country lacks "sufficient vitality to create an estoppel . . . in an action to establish marital status . . . it may suffice to preclude the spouse from asserting a private claim or demand arising out of the marriage"). Here, Plaintiff herself stated that she had remarried within ten years of her marriage to the insured, in either 1964 or 1968. (Tr. at 14, 52, 54.)  The ALJ correctly noted in his opinion that, whether she had remarried in 1964 or in 1968, the second marriage would have been within ten years of her first marriage.  (Tr. at 11.) Moreover, Plaintiff made her reliance on the divorce clear, stating that she "took it for granted" that she was divorced from the insured. (Tr. at 46-47.) Therefore, on the basis of Plaintiff's own statements, and in the absence of any contrary documentary evidence, the ALJ had substantial evidence to conclude that Plaintiff had remarried, in reliance on the divorce, within ten years of her marriage to the insured.

On this basis, the ALJ correctly noted that Plaintiff would be estopped from attacking the validity of the divorce for the purpose of acquiring widow's insurance benefits as the surviving divorced spouse of the insured.

## IV.  Conclusion

Upon review of the administrative record, and considering all of Plaintiff's arguments, the Court finds that the ALJ's decision is supported by substantial evidence and is in accord with the applicable law. A separate order will be entered.

Done this <u>27th</u> day of <u>February 2014</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]